UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES EARL GRAY JR, <br><br> Plaintiff, <br><br> v. <br><br> SNOHOMISH COUNTY CORRECTIONS et al., <br><br> Defendants. | CASE NO. C18-900 RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

On June 18, 2018, plaintiff James E. Grey Jr., a prisoner at the Snohomish County Jail, submitted for filing, a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The complaint alleges jail staff pepper-sprayed plaintiff and did not allow plaintiff to take a shower or provide him new clothes to wear for 24 hours. *Id.* The complaint also avers the Snohomish County Jail has a grievance system, that plaintiff did not file a grievance concerning the allegations in the complaint, and that plaintiff did not file a grievance because he cannot "read and write that good." *Id.*

Because plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* (IFP), the clerk sent him a letter advising him that he must pay the fee or apply to proceed IFP no later than July 19, 2018, or the case may be dismissed. On July 11, 2018, plaintiff submitted another trust account. Dkt. 5. The clerk again informed plaintiff the trust

REPORT AND RECOMMENDATION - 1

account was deficient and requested he correct the deficiency by August 13, 2018. Dkt. 6. Plaintiff has not yet submitted a correction.

The Court has reviewed the matter and recommends the case be dismissed without prejudice for two reasons. First, under the Prison Litigation Reform Act (PLRA) a prisoner must exhaust administrative remedies within the prison or jail grievance system before filing a civil-rights lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement is no longer left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The exhaustion requirement applies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.* at 85; *Booth v. Churner*, 532 U.S. 731, 733 (2001). Administrative exhaustion is required for any suit challenging prison conditions, not just for suits under § 1983. 42 U.S.C. § 1997e(h); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requisite exhaustion is "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90–91.

Failure to satisfy the PLRA exhaustion requirement is an affirmative defense. *Jones v. Bock*, 549 U.S. at 204 (2007). However, when a plaintiff clearly has failed to exhaust administrative remedies, a court may dismiss the complaint *sua sponte*. *See Id*. at 214-16 (exhaustion is an affirmative defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes the failure to exhaust).

Here, plaintiff specifically alleges the Snohomish County Jail has a grievance procedure, but he did not file a grievance as to the acts alleged in the complaint. The complaint accordingly,

REPORT AND RECOMMENDATION - 2

1 on its face, establishes plaintiff has not exhausted his administrative remedies, and the case
2 should therefore be dismissed without prejudice. *Id.* at 211. Plaintiff indicates he did not grieve
3 because he cannot read or write that well. The Court finds this does not excuse the failure to
4 exhaust. Plaintiff can read and write well enough to understand that the jail has a grievance
5 process and that he did not utilize it. Plaintiff also wrote out a complaint alleging jail staff pepper
6 sprayed him and declined to allow him to shower and obtain a clean set of clothes. The
7 complaint thus establishes plaintiff's limited reading and writing skills are not a barrier to
8 plaintiff's ability to grieve, or to file a civil rights complaint.

9 The complaint should also be dismissed because the Clerk advised plaintiff that his case
10 may be dismissed unless he either pays the filing fee or submits a proper application to proceed
11 to IFP. As plaintiff has failed to respond to the letter the Clerk mailed, the case should be
12 dismissed without prejudice.

**OBJECTIONS AND APPEAL**

14 This Report and Recommendation is not an appealable order.  Therefore a notice of
15 appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
16 assigned District Judge enters a judgment in the case. If plaintiff objects to this Report and
17 Recommendation, he must file objection by **August 29, 2018.**  The Clerk should note the matter
18 for **August 31, 2018**, as ready for the District Judge's consideration. Objections shall not exceed
19 five pages.  The failure to timely object may affect the right to appeal.

20 DATED this 15th day of August, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3

REPORT AND RECOMMENDATION - 4